UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE - OPELOUSAS DIVISION

| | | |
|---|---|---|
| **RICHARD KEVIN RITZ** | * | **CIVIL ACTION** Nº: _____ |
| **VERSUS** | * | **JUDGE** _____ |
| **GLOBAL GEOPHYSICAL SERVICES, INC.** | * | **MAGISTRATE** _____ |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Complainant, Richard Kevin Ritz, a person of the full age of majority and a resident of Cleveland, Georgia, who for his Complaint, respectfully represents:

1.

This cause of action arises pursuant to the Jones Act, 46 USCA § 688, *et seq*, and Admiralty and General Maritime Law found in 28 USCA § 1333, *et seq*.

2.

Made defendant herein is:

1) **Global Geophysical Services, Inc**., a foreign corporation, authorized to do and doing business within the State of Louisiana, and within the Western District of Louisiana, and which may be served through its Registered Agent for Service of Process, CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808.

3.

Defendant, **GLOBAL GEOPHYSICAL SERVICES, INC**. ("Global"), is liable unto Complainant in the full and true sum in an amount as is reasonable under the premises, plus all legal

interest and the cost of these proceedings, from the date of judicial demand, for the following reasons, to-wit:

4.

On or about January 20, 2013, Complainant, Richard Kevin Ritz, was employed by and working for Defendant, Global.

5.

At the time of the accident in question, Complainant was a member of a crew permanently assigned to a vessel as a Jones Act seaman.

6.

Upon information and belief, the vessel at issue was owned, operated by and/or under direct operational control of Defendant, Global, and was involved in ongoing vessel operations occurring on the navigable waters of the State of Louisiana, in the Western District of Louisiana, as well as throughout the State of Louisiana and the Gulf of Mexico.

7.

Upon information and belief, the accident in question occurred when Complainant was required to lift heavy marine batteries without the proper personnel and/or mechanical assistance.

8.

On or about the date in question, Complainant was engaged in and performing work and facing hazard normally encountered by traditional seaman, and other crewmembers of the vessel and as such, was entitled to a safe and seaworthy vessel.

9.

Upon information and belief, Global and/or the vessel's captain were aware or should have been aware that Complainant would need additional personnel and/or mechanical assistance to lift

the marine batteries at issue, which activity created an unsafe and unseaworthy condition.

10.

Upon information and belief, Defendant, Global, in its captain, master, and crew failed to insure that the equipment and crew of the vessel to which Plaintiff was assigned were adequate for the performance of the vessel's mission, which would have pervented the incident at issue from occurring.

11.

Due to the unseaworthiness of the vessel at issue and/or the operational negligence of the vessel's master, captain and crew, Complainant, Richard Kevin Ritz, suffered injuries including damage and injuries to his shoulder, arm, neck, back, and well as damage to his body as a whole, all of which have required and/or will require surgical intervention, and other future medical treatment.

12.

Following the accident at issue, Complainant, Richard Kevin Ritz, reported the accident to his supervisor and employer.

13.

The vessel to which Plaintiff was assigned is a "traditional maritime vessel" as that term is defined within Admiralty and General Maritime Law by the Federal Fifth Circuit Court of Appeals and U.S. Supreme Court.

14.

Complainant, Richard Kevin Ritz, was injured as a result of the operational negligence of the captain/master/ and/or crew of the vessel at issue, and/or the unseaworthiness of the vessel at issue, insofar as the vessel contained a dangerous and unseaworthy condition and/or was unsafe on or about January 20, 2013. Said unworthiness directly and proximately caused the accident at issue and

Complainant's resulting injuries.

15.

Complainant, Richard Kevin Ritz, was injured through the vessel's unseaworthiness and/or negligence and/or fault on the part of defendant, Global, their principals, agents, crew, servants, employees, and those for whom they were responsible for at the time of the accident described hereinabove in the following non-exclusive manners:

A. Failure to provide Complainant with a reasonably safe place to work;

B. Failure to provide Complainant with a seaworthy vessel;

C. Operational negligence on the part of the captain and/or master and crew of the vessel at issue;

D. Failing to properly crew the vessel and/or provide necessary mechanical assistance, the lack of which rendered the vessel unseaworthy, dangerous and unsafe which led to the accident and injuries in question;

E. Negligently allowing existence of a dangerous and defective condition to remain on the vessel at issue;

F. Negligently failing to provide proper equipment and crew on the vessel;

G. Negligently failing to warn crewmembers, especially Complainant, of the dangerous and/or defective condition existing aboard the vessel;

H. Negligently failing to maintain the area in question in a reasonably safe and seaworthy condition;

I. Negligently failing to do what they should have done or see what they should have seen in order to avoid the accident at issue;

J. Any and all other acts of negligence which will be proven at the trial of this matter.

16.

As a result of the accident described herein, Complainant, Richard Kevin Ritz, sustained injuries, including, but not limited to, his left shoulder and/or biceps, which injury necessities

surgery, and injuries to his cervical and lumbar spines.

17.

Defendant, Global, as the owner and/or operator of the vessel at issue, violated its non-deligable duty to provide Complainant, Richard Kevin Ritz with a seaworthy vessel and/or safe place to work as required by the Admiralty and General Maritime Law.

18.

Complainant, Richard Kevin Ritz, would show that on the above mentioned date, he was injured while on the service of the vessel.

19.

As a result, Defendant had and continues to have a non-delegable duty to provide Complainant with benefits in the form of maintenance and cure.  Complainant would show that he has not reached maximum medical improvement and that Defendant's duty in this regard continues.

20.

Defendant, Global, has denied payment and/or has unreasonably delayed payment for maintenance and cure.  As a result of Defendants refusal and/or failure to pay benefits of maintenance and cure and/or delay such payments, Complainant has suffered further injuries and damages, for which he now sues.

21.

Complainant will further show that Defendant's failure to provide benefits of maintenance and cure was not only unreasonable, but arbitrary, capricious, willful, calice, and persistent, and as a result Complainant is entitled to an award of damages for aggravation of his condition caused by Defendant's failure, including but not limited to attorneys fees and punitive damages for which he now sues, in addition to all other relief sought.

22.

Complainant, Richard Kevin Ritz, asserts his right to a bench trial pursuant to Federal Rule of Civil Procedure 9 (h), as his claims arise under the Jones Act and/or Admiralty and General Maritime Law.

WHEREFORE, Complainant, Richard Kevin Ritz, prays for judgment in his favor, over and against Defendant, Global Geophysical Services, Inc., for monetary damages, both general and special, in the full and true sum in amounts as are reasonable under the premises, to be proven at the trial of this matter, plus the costs of these proceedings and all permissible legal interest, and for all other equitable and just relief as the law may allow.

Respectfully submitted,

JOSEPH F. GAAR, JR., APLC

BY:  s/ Willard P. Schieffler
JOSEPH F. GAAR, JR. (#16927)
JASON M. WELBORN (#26548)
WILLARD P. SCHIEFFLER (#25862)
LUCAS COLLIGAN (#31671)
JACOB H. HARGETT (#32490)
617 S. Buchanan St. (70501)
P.O. Drawer 2069
Lafayette, LA  70502
Telephone: (337) 233-3185
Facsimile: (337) 233-0690
**Attorneys for complainant,
Richard Kevin Ritz**